IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK P. STRAYER,

        Plaintiff,

        vs.                                                                                                       No. CIV 99-1441 JC/DJS

G. SINGH KHOSA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant G. Singh Khosa's Notice of Substitution and Motion to Dismiss, filed February 1, 2000 *(Doc. 7)*. The Court has reviewed the motion, the memoranda and submissions of the parties and the relevant authorities. The Court finds that it lacks sufficient information in order to review the United States' scope of employment certification and requests that the parties submit supplemental briefing and evidence on this issue.

**I.    Factual and Procedural Background**

Plaintiff Jack P. Strayer is an employee of the Postal Service and Defendant G. Singh Khosa is his supervisor. The events that gave rise to this lawsuit occurred on January 22, 1999 and January 28, 1999. In the first incident, Plaintiff asked Defendant if he recognized the language of a letter. According to Plaintiff, Defendant responded in an antagonistic and threatening tone that "just because . . . [he] wore a turban did not mean he could decipher the language." Pl.'s Compl. ¶ 10, attached to Notice of Removal, filed Dec. 13, 1999 *(Doc. 1)*. Defendant then grabbed Plaintiff's arm, angrily ordered Plaintiff to get away from him, and pushed Plaintiff backwards. *See id.* ¶ 11. The second incident occurred when Plaintiff entered Defendant's office to ask a question. Defendant allegedly shook his finger in Plaintiff's face and told Plaintiff to "get out of my office." *Id.* ¶16.

On September 21, 1999, Plaintiff filed a complaint in the Second Judicial District Court for the State of New Mexico, raising claims of assault and battery against Defendant. On December 13, 1999, the United States, acting on behalf of Defendant, removed the lawsuit to this Court. The United States Attorney certified that Defendant Khosa was acting within the scope of his employment at the time the alleged acts of assault and battery occurred. *See* Certification, Ex. 2, attached to Notice of Removal.

**II.    Discussion**

Defendant Khosa contends that the United States should be substituted as the proper defendant in this action. Defendant further argues that following substitution, Plaintiff's complaint must be dismissed, because claims for assault and battery against the United States are barred by the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2680(h) (excepting from the provisions of the FTCA "[a]ny claim arising out of assault, [or] battery"). Thus, Defendant argues that the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction.

Plaintiff asserts that Defendant's Motion to Dismiss should be treated as a summary judgment motion, because the Court will consider matters outside the pleadings, specifically the certification by the United States Attorney and Plaintiff's verified complaint. Plaintiff contends that genuine issues of material fact preclude the Court from granting Defendant's motion.

*Removal and Substitution under the FTCA*

The FTCA provides for removal of a suit filed against a federal employee in state court when the Attorney General certifies that the employee was acting within the scope of his employment. *See* 28 U.S.C. § 2679(d)(2).[1] This certification conclusively establishes scope of employment for

---

[1] Authority to certify is delegated to the United States Attorneys pursuant to 28 C.F.R. § 15.3.

-2-

purposes of removal.  *See id.*; *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995).  Thus, Defendant has properly invoked the Court's subject matter jurisdiction over this action.

The FTCA also provides for substitution of the United States as the party defendant when the Attorney General certifies that the defendant federal employee was acting within his scope of employment.  *See* § 2679(d)(2).  However, in *Lamagno*, the Supreme Court expressed its concern that in a case like this one, "the United States Attorney will feel a strong tug to certify, even when the merits are cloudy, and thereby 'do a favor,' both for the employee and for the United States as well, at a cost borne solely, and perhaps quite unfairly, by the plaintiff." *Lamagno*, 515 U.S. at 426. Thus, the Court retains the authority to review the government's certification and determine whether Defendant Khosa acted within the scope of his employment before deciding whether substitution of the United States is proper.  *See Lamagno*, 515 U.S. at 434; *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995).

Therefore, the first task before this Court is to review the certification and determine whether Defendant Khosa's conduct fell within the scope of his employment.  The government's certification, although subject to *de novo* review, is *prima facie* evidence that an employee's challenged conduct was within the scope of employment.  *See Richman*, 48 F.3d at 1145.  Thus, certification shifts the burden to Plaintiff to present specific facts, evidence, and affidavits in order to rebut the government's scope of employment certification.  *See id.*; *Wilson v. Jones*, 902 F. Supp. 673, 679 (E.D. Va. 1995). State law determines a scope of employment determination.  *See Richman*, 48 F.3d at 1145.  In New Mexico, the conduct of an employee is defined to be within the scope of his employment if:

1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and

2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13-407 NMRA 1991.

Plaintiff apparently contends that Defendant Khosa's conduct was unauthorized when he asserts that the Postal Service "has a well-defined . . . policy that prohibits violence of any sort in the workplace." Pl.'s Compl. ¶ 13. New Mexico has adopted a four-point test to determine whether an employee's act, even if unauthorized, is considered to be within the scope of employment. *See Narney v. Daniels*, 115 N.M. 41, 49, 846 P.2d 347, 355 (Ct. App. 1992), *cert. denied*, 114 N.M. 720, 845 P.2d 814 (1993). Under this four-point test, an employee's unauthorized act falls within the scope of his employment if the action:

> (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area, and (4) is actuated, at least in part, by a purpose to serve the employer.

*Id.* (citing *Sawyer v. Humphries*, 587 A.2d 467, 471 (Md. 1991)).

In this case, I find that Plaintiff's verified complaint raises questions of fact and intent over whether Defendant's conduct falls within his scope of employment. Under a summary judgment standard, this scope of employment issue would be resolved by a fact-finder at trial. *See Nichols v. United States*, 796 F.2d 361, 365 (10th Cir. 1986) (noting that whether an employee's conduct falls within his scope of employment is generally a question of fact). However, "[c]ongressional intent to prevent burdensome litigation against federal employees would clearly be frustrated, if the plaintiff were afforded a jury trial on the scope of employment issue."[2] *Wilson v. Jones*, 902 F. Supp. 673, 679 (E.D. Va. 1995) (citing *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992)).

Therefore, in keeping with congressional intent, the Court will determine the scope of employment issue in this case before trial. *See id.*; *see also Brown v. Armstrong*, 949 F.2d 1007,

---

[2] This congressional intent is expressed in the Westfall Act, an amendment to the FTCA "enacted to protect federal employees . . . from tort litigation." *Wilson*, 902 F. Supp. at 679.

1011 (8th Cir. 1991) (finding that "challenges to the Attorney General's certification must be resolved before trial"). However, the Court lacks sufficient information at this time to adequately evaluate Defendant's conduct in light of the four factor test described above. Because the Court is unable to determine whether Defendant Khosa's conduct fell within the scope of his employment, the Court requests that the parties provide additional briefing on this issue. The parties shall have twenty days from the date of entry of this Opinion to file supplemental briefs and evidence as indicated below.

Wherefore,

IT IS ORDERED that the parties shall have twenty days from the date of entry of this Opinion to file simultaneous, supplemental briefs and evidence on the issue of whether Defendant Khosa's conduct fell within the scope of his employment. The supplemental briefs shall not exceed seven pages in length and any attached exhibits shall not exceed fourteen pages in length.

DATED this 21st day of August, 2000.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Michael E. Mozes
    Albuquerque, New Mexico

Counsel for Defendant:

    Michael H. Hoses, AUSA
    U. S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico