IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACK P. STRAYER,

       Plaintiff,

vs.                                              No. CIV 99-1441 JC/DJS

G. SINGH KHOSA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant G. Singh Khosa's Notice of Substitution and Motion to Dismiss, filed February 1, 2000 *(Doc. 7)*.  By Memorandum Opinion and Order, filed August 21, 2000 *(Doc. 18)*, the Court ordered supplemental briefing and/or evidence regarding the issue of the United States' scope of employment certification. The Court has reviewed the original motion and memoranda submitted by the parties, the supplemental briefing submitted by each party, and the relevant authorities.  The Court finds that the motion is well taken and will be granted.

## BACKGROUND

Plaintiff Jack P. Strayer, an employee of the United States Postal Service, initially brought suit for assault and battery against his supervisor, Defendant G. Singh Khosa, in state court.  The United States, acting on behalf of the Defendant, removed the case to this Court pursuant to 28 U.S.C. § 2679, which allows for removal of a suit filed against a federal employee when the Attorney General certifies that the employee was acting within the scope of his employment. *See* 28 U.S.C. 2679(d)(2).

After removal, Defendant Khosa moved for substitution of the United States as defendant. *See* Defendant G. Singh Khosa's Notice of Substitution and Motion to Dismiss, filed February 1, 2000 *(Doc. 7)*. In his motion, Defendant Khosa argues that following substitution, Plaintiff's complaint necessarily requires dismissal for failure to exhaust administrative remedies and under the Federal Tort Claims Act (FTCA), 28 U.S.C. §2680(h), which bars claims for assault and battery against the United States. *See id.*

The Court considered Defendant's Notice of Substitution and Motion to Dismiss and ordered that additional briefing be submitted by the parties regarding whether Defendant Khosa was acting within the scope of his employment at the time of the alleged incidents. *See* Memorandum Opinion and Order, filed August 21, 2000 *(Doc. 18)*. In light of the supplemental briefing submitted by the parties, the Court now revisits Defendant's motion.

## ANALYSIS

Under the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), any civil action against an individual defendant who is a government employee acting within the scope of his employment is deemed an action against the United States. *See* 28 U.S.C. § 2679(d)(1). The United States is then substituted as the sole defendant. *Id.* In this case, then United States Attorney for the District of New Mexico, John J. Kelly, certified that Defendant Khosa was acting within the course and scope of his employment. *See* Certification, attached as Exhibit 2 to Notice of Removal filed December 13, 1999 *(Doc. 1)* (authority to certify is delegated to United States Attorneys pursuant to 28 C.F.R. § 15.3). The government's certification that Defendant Khosa was acting within the scope of his employment is *prima facie* evidence that the challenged conduct was within the scope of employment; however, the Court retains authority to review *de novo* the propriety of the certification

to determine whether substitution is proper. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995); *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir.1995). The plaintiff bears the burden of rebutting the scope-of-employment certification with specific facts. *See Richman,* 48 F.3d at 1145.

## I.      Substitution

Plaintiff argues that because the USPS maintains a "zero tolerance" policy with respect to violence, the alleged actions are outside the scope of employment. *See* Plaintiff's Supplemental Brief at 2, filed September 11, 2000 *(Doc. 21)*. However, while there is no question that assault and battery is not authorized by the United States Postal Office, that does not mean the alleged acts are necessarily outside the scope of Defendant's employment. *See e.g., Heuton v. Anderson*, 75 F.3d 357, 361 (8th Cir. 1996)(finding that although USDA supervisor was prohibited from posting insulting picture, the act could fall within the scope of employment). It is not enough for the employer to establish that the employee's conduct was unauthorized. *See Hansen v. Skate Ranch, Inc.*, 97 N.M. 486, 641 P.2d 517 (Ct.App.1982). "A servant usually is not employed to be negligent, but this does not mean that a negligent act is outside the scope of his employment." *Id.* (quotation omitted). Thus, this case requires a more particularized inquiry.

For purposes of the FELRTCA, "scope of employment" is defined by the respondeat superior law of the state where the incident occurred. *See Richman,* 48 F.3d at 1145 (citing *Nichols v. United States*, 796 F.2d 361, 365 n. 4 (10th Cir.1986)). New Mexico has adopted a four-point test to determine whether an employee's act, even if unauthorized, is considered to be within the scope of employment. *See Narney v. Daniels*, 115 N.M. 41, 49, 846 P.2d 347, 355 (Ct. App. 1992), *cert.*

3

*denied*, 114 N.M. 720, 845 P.2d 814 (1993).  Under this four-point test, an employee's unauthorized

act falls within the scope of employment if the action:

> (1) is the kind the employee is employed to perform; (2) occurs during
> a period reasonably connected to the authorized employment period;
> (3) occurs in an area reasonably close to the authorized area, and; (4)
> is actuated, at least in part, by a purpose to serve the employer.

*Id.* (citations omitted).

In this case, the alleged actions took place during normal working hours, during the Plaintiff

and Defendant's normally scheduled shifts, at the Academy Station post office in Albuquerque, New

Mexico.  Thus, the Court finds that prongs (2) and (3) are clearly met in this case. The Court further

finds that the alleged acts occurred while Defendant Khosa was attempting to perform his assigned

duties.

As a supervisor, Defendant Khosa was responsible for the overall operation of the station.  *See*

Declaration of G. Singh Khosa at ¶ 1, attached as Exhibit A to Defendant's Supplemental Brief, filed

September 8, 2000 *(Doc. 20)*. Plaintiff alleges that Defendant Khosa verbally and physically assaulted

him on two occasions, both arising out of an exchange concerning the flow of mail. The first incident

occurred when Plaintiff approached Defendant to inquire about the language on a certain piece of mail

so that Plaintiff could properly route the item. *See* Complaint at ¶11, attached to Notice of Removal,

filed Dec. 13, 1999 *(Doc. 1)*. As a supervisor, fielding such inquiries is a normal job duty.

Furthermore, the incident occurred while Defendant Khosa was attempting to conduct an employee

meeting. *See* Declaration of G. Singh Khosa at ¶ 2. The second alleged  incident occurred when

Plaintiff attempted to discuss a problem he had regarding his route. *See* Complaint at ¶16.  Again, it

is the supervisor's duty to address such problems. In both instances, the alleged acts arose out of an

exchange that involved the performance of normal job duties, as opposed to conflicts unrelated to the employment relationship.  Therefore, the first prong of the *Narney* test is met.

Finally, the Court finds that the fourth prong of the *Narney* test is also met.  Defendant Khosa was performing his post office duties when the alleged incidents occurred.  For each incident, the Defendant indicates that he was attempting to get Plaintiff to return to work in order to process and deliver mail.  *See* Declaration of G. Singh Khosa ¶ 3, 4.  While his management choices may not have been correct or advisable, they were taken in the interest of his employer.  The delivery of mail is the most important function of the United States Postal Service and Defendant Khosa was acting with the purpose of efficiently achieving this goal.

Under *Narney*, the Court finds that Defendant Khosa was acting in the course and scope of his employment at the time of the alleged incidents.  Accordingly, the Court finds that certification by the United States Attorney was appropriate. Once a Certification was issued by the government, "the burden shift[ed] to the Plaintiff to contest the scope of employment issue and prove by a preponderance of the evidence that the defendant was acting outside the scope of his employment." *See Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir.1991). Plaintiff has failed to allege facts sufficient to undermine the correctness of the scope-of-employment certification of Defendant Khosa.  Therefore, under the FTCA, the United States is substituted as the proper party defendant.  *See* 28 U.S.C. § 2679(d)(1).  Based on the foregoing, the Court finds that Defendant Khosa's Notice of Substitution is well taken and will be granted.

## II.    Dismissal

Once the United States is substituted as the defendant under the FELRTCA, the FTCA is plaintiff's sole remedy.  *See* FELRTCA, § 28 U.S.C.  2679(d)(4). Accordingly, the United States now

moves for dismissal of Plaintiff's claims based on failure to exhaust administrative procedures. *See* Defendant G. Singh Khosa's Notice of Substitution and Motion to Dismiss, filed Feb. 1, 2000 *(Doc. 7)*. The United States also argues that 28 U.S.C. § 2680(h*)* of the FTCA bars Plaintiff's claims against the United States. *See id.*

### A.      Exhaustion of Administrative Remedy

Although the Federal Tort Claims Act permits suits against the United States for injuries caused by negligent acts of its employees acting within the scope of their employment, such suits require that a plaintiff has "first presented the claim to the appropriate Federal agency" and that the claim has been "finally denied by the agency in writing."  28 U.S.C. § 2675(a).  The requirement that a plaintiff exhaust available administrative procedures is absolute, jurisdictional and cannot be waived, and the procedure must be strictly construed.  *See Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir.1992); *Three-M Enterprises, Inc. v. United State*s, 548 F.2d 293, 295 (10th Cir.1977).  In order for Plaintiff to seek recovery in this case from the United States in tort, it was essential for him to allege the presentation of his claim to the appropriate federal agency and a final disposition of the claim by that agency. Plaintiff does not allege that any administrative procedures were followed.  Nor is there any other evidence before the Court to indicate that Plaintiff  has filed his claim with the appropriate federal agency.

### B.      Intentional Torts Exception to the FTCA

Traditionally, the sovereign has always been immune from suit. To alleviate the harshness of this rule, Congress enacted the Federal Tort Claims Act which permits civil actions against the United States for personal injury and property damage caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28

U.S.C. § 1346(b). Under § 28 U.S.C.  2680(h), however, it is specifically provided that the right of recovery under the FTCA shall not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.*  Since the United States has not consented to be sued for these torts, federal courts are without jurisdiction to entertain a suit based on them. *See Benavidez v. United States.*, 177 F.3d 927, 929 (10th Cir.1999); *Franklin v. United States,* 992 F.2d 1492, 1495(10th Cir.1993). This case is plainly based on claims arising from assault and battery and therefore barred by the FTCA.  Accordingly, even if an administrative procedure had been followed, Plaintiff's claims must be dismissed.

Wherefore,

IT IS HEREBY ORDERED that Defendant G. Singh Khosa's Notice of Substitution and Motion to Dismiss, filed February 1, 2000 *(Doc. 7)* is granted.

DATED January 9, 2001.

_____
**UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

      Michael E. Mozes, Esq.
      Law Offices of Michael E. Mozes, P.C.
      Albuquerque, New Mexico

Counsel for Defendants:

      Michael H. Hoses, Esq.
      Assistant U.S. Attorney
      Albuquerque, New Mexico

2